# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN JACKSON,<br><br>             Petitioner,<br><br>             v.<br><br>W.L. MUNIZ, Warden,<br><br>             Respondent. | Case No. CV 15-4300 JLS (MRW)<br><br>**ORDER DISMISSING HABEAS ACTION** |

      The Court summarily dismisses this action pursuant to 28 U.S.C. § 2243 as successive, untimely, and moot, and for Petitioner's failure to prosecute the action.

\* \* \*

      This is a state habeas action. In 2005, Petitioner was convicted of rape and numerous other sexual offenses and sentenced to 83 years to life in prison. This action represents Petitioner's <u>sixth</u> federal habeas action in this Court.[1] Although

---

[1] Jackson v. Felker, CV 07-3982 GAF (RC) (C.D. Cal.); Jackson v. Stainer, CV 11-5967 GAF (MRW) (C.D. Cal.); Jackson v. Holland, CV 12-5362 GAF (MRW) (C.D. Cal.) (dismissed as improperly filed civil rights action); Jackson v. Holland, CV 12-8210 GAF (MRW) (C.D. Cal.); Jackson v. Muniz, CV
(continued…)

not clearly pled, the current habeas petition appears to challenge the validity of a state court order probation order entered in the mid-2000s and its relationship to his rape conviction. (Docket # 1 at 5.)

In the course of Petitioner's fourth and fifth habeas actions (CV 12-8210, 15-1354), the Court expressly informed Petitioner that he needed permission from the United States Court of Appeals for the Ninth Circuit before pursuing a successive habeas case. As with those actions, the current petition was not accompanied by a certificate from the Court of Appeals authorizing a successive habeas action.

Magistrate Judge Wilner screened Petitioner's current petition. (Docket # 4.) Judge Wilner noted the following apparent defects with Petitioner's habeas action under AEDPA (the federal statute governing habeas actions for state prisoners):

- To the extent that Petitioner challenged the circumstances leading to his <u>rape conviction</u> (the subject of previous habeas cases in this court), the petition violated the successive-petition-authorization rule at 28 U.S.C. § 2244(b);
- If the action was a constitutional challenge to Petitioner's <u>probation revocation</u>, Petitioner made no factual allegation that he was currently "in custody" as a result of a judgment in that action as required under 28 U.S.C. § 2254(b);
- Petitioner's 2015 request for habeas review of a 2012 decision of the state supreme court was facially untimely under AEDPA's one-year limitations period. 28 U.S.C. § 2244(d).

(Docket # 4 at 1-2.)

---

(…continued)
15-1354 JLS (MRW) (C.D. Cal.).

2

1  Judge Wilner directed Petitioner to submit a statement as to why the action
2 should not be summarily dismissed as successive, untimely, and moot. Petitioner
3 requested and received an extension of time to respond to the Court's order.
4 (Docket # 5, 6.) However, he ultimately failed to submit any response. As a
5 result, the Court does not have any cogent explanation from Petitioner regarding
6 the obvious procedural defects with this action.

\* \* \*

8  If it "appears from the application that the applicant or person detained is not
9 entitled" to habeas relief, a court may dismiss a habeas action without ordering
10 service on the responding party. 28 U.S.C. § 2243; see also Rule 4 of Rules
11 Governing Section 2254 Cases in United States District Courts (petition may be
12 summarily dismissed if petitioner plainly not entitled to relief); Local Civil
13 Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal
14 to district judge "if it plainly appears from the face of the petition [ ] that the
15 petitioner is not entitled to relief").

16  Petitioner's sixth habeas action is subject to summary dismissal on the
17 grounds that the Magistrate Judge identified. The action appears to be an
18 unauthorized successive petition for which – despite the Court's previous warnings
19 – Petitioner did not apply to the circuit court for permission to pursue. And, as
20 noted in Judge Wilner's screening order, the action is facially untimely because
21 Petitioner filed in federal court nearly three years after the last state court decision.
22 Moreover, if Petitioner wishes to challenge a decade-old revocation action, the
23 case is clearly moot because he failed to demonstrate that he is in custody as a
24 result.

25  Dismissal is also proper under Federal Rule of Civil Procedure 41(b).
26 Rule 41(b) provides that if a litigant "fails to prosecute or to comply with these
27 rules or a court order, a defendant may move to dismiss the action or any claim
28

3

1  against it." Dismissal may be ordered by the Court sua sponte. Link v. Wabash
2  R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may
3  be appropriate to advance the public's interest in the expeditious resolution of
4  litigation, the court's need to manage its docket, and to avoid the risk of prejudice
5  to parties. Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); Ferdik v.
6  Bonzelet, 963 F.2d 1258, 1263 (9th Cir. 1992).

Petitioner's failure to prosecute this action – or to respond to the Court's orders requiring him to do so – warrants dismissal under Rule 41(b). Despite receiving an extension of time, Petitioner failed to respond to the court's order requiring him to show cause why his defective action should be not be dismissed. (Docket # 4, 6.) The public, the Court, and the state have a significant interest in the resolution of this case. Petitioner, by contrast, has demonstrated a lack of interest in pursuing the action to a decision on the merits. Moreover, given Petitioner's failure to respond to the Court's request, there are no "less drastic sanctions" available to the Court other than a dismissal of the action. Omstead, 594 F.3d at 1084. Rule 41 therefore provides an additional basis for dismissing the action.

* * *

Petitioner's action fails on its face to comply with numerous key requirements under AEDPA.  Further, Rule 41 authorizes the dismissal of any action when a litigant demonstrates a failure to properly pursue the case in compliance with court orders.  On any of these bases, Petitioner's action is subject to dismissal.  The action is therefore DISMISSED with prejudice.

IT IS SO ORDERED.

Dated:  September 10, 2015

_____
HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE